NOT RECOMMENDED FOR PUBLICATION
File Name: 06a0936n.06
Filed: December 27, 2006

No. 05-3398

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ALEXANDER NERSESIAN,

      Defendant-Appellant.

On Appeal from the United
States District Court for the
Southern District of Ohio

_____/

BEFORE:    RYAN, BATCHELDER, and SUTTON, Circuit Judges.

      RYAN, Circuit Judge.     Alexander Nersesian appeals his prison sentence for trafficking in illegal drugs and money laundering, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, and 18 U.S.C. § 1956(a)(1)(A)(i). He claims the sentence imposed was unreasonable because the district court, in calculating the weight of the drugs, improperly relied upon an extrapolation of the total weight of the pills Nersesian admitted trading from a sample of the drugs seized from him. We find the district court's sentence is reasonable and we affirm.

**I.**

      After a lengthy government investigation in Columbus, Ohio, into the illegal traffic in methylenedioxymethamphetamine (MDMA), better known as Ecstacy, a federal grand jury indicted Nersesian in June 2002 on ten counts of drug-related crimes. On January 3, 2003, Nersesian entered into a plea agreement with the government; he agreed to plead

guilty to one count of conspiracy to distribute and possession with intent to distribute Ecstacy, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, and one count of money laundering proceeds from narcotics trafficking, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and to forfeit $200,000. The parties agreed that for the purposes of sentencing, the November 1, 2000, Sentencing Guidelines would apply and that Nersesian had traded 100,000 pills of Ecstacy, although the government seized only 10,000 pills. The plea agreement did not mention a total weight for the pills, although the weight of the narcotics would be a significant factor in determining the correct base offense level. On February 14, 2003, Nersesian pled guilty, pursuant to this agreement.

The final presentence investigation report concluded that Nersesian's base offense level under the 2000 Guidelines was 28. The probation officer calculated this base offense level, in part, by multiplying the average weight of 4,999 pills seized from Nersesian and weighed by the government (190 milligrams per pill) by the 100,000 pills Nersesian admitted trading. The district court accepted this base offense level, determined that Nersesian had a Level II criminal history, and then reduced his offense level to 27 after factoring in his admitted supervisory role in the trafficking scheme and acceptance of responsibility. The court then granted the government's motion for downward departure under U.S.S.G. § 5K1.1, reducing the offense level to 23. With a Level II criminal history, the Guidelines recommended a sentence of 51 to 63 months' imprisonment.

The district court sentenced Nersesian to 55 months' imprisonment for each count, to run concurrently, as well as supervised release and a fine. The court dismissed the remaining charges. Nersesian appealed the sentence.

**II.**

This court reviews a district court's choice of sentence to "determin[e] whether a sentence is unreasonable." United States v. Booker, 543 U.S. 220, 261 (2005).  In making this reasonableness determination, we examine the length of the sentence, but also look to see whether the sentencing court considered the applicable Guidelines range and the sentencing factors listed in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the defendant's history and characteristics, the seriousness of the crime, justice, deterrence of others, and the need to provide the defendant with training and medical care.  18 U.S.C. § 3553(a); United States v. Webb, 403 F.3d 373, 383 (6th Cir. 2005) (citing Booker, 543 U.S. at 245-46), cert. denied, 126 S. Ct. 1110 (2006).  While the reasonableness standard of review applies to the actual sentence imposed by the district court, for individual Guidelines determinations, such as drug quantity, we defer to the district court's factual findings, unless they are clearly erroneous.  United States v. Davidson, 409 F.3d 304, 310 (6th Cir. 2005).  Mixed questions of law and fact for individual Guidelines determinations are reviewed de novo.  Id.

### III.

Under the 2000 Sentencing Guidelines, a defendant's base offense level for drug trafficking is based on the type of drug the defendant traded and the total weight of the drug.  U.S.S.G. § 2D1.1(a)(3).  Where the court knows the number of doses or pills, but not their total weight, the Guidelines direct the court to calculate the total weight by using the drug's typical weight listed in a table unless "case-specific information" is available from which the court can make a "more reliable estimate." Id. § 2D1.1, comment. (n.11).  The 2000 Guidelines do not assign a typical weight for Ecstacy.  Id.

In this circuit, if the exact amount of drugs is undetermined, "an estimate will suffice, but . . . a preponderance of the evidence must support the estimate." United States v. Walton, 908 F.2d 1289, 1302 (6th Cir. 1990).  This estimate can be based upon physical evidence, such as seized drugs, or upon testimonial evidence.  United States v. Pruitt, 156 F.3d 638, 647 (6th Cir. 1998).

The defendant pled guilty to trading 100,000 pills of Ecstacy.  Since neither the plea agreement nor the Guidelines assigned a typical weight for Ecstacy pills, the district court used the average weight of 190 milligrams per pill obtained from weighing 4,999 pills seized from Nersesian.  The district court properly relied on this "case-specific information" to conclude that it was more likely than not that the Ecstacy pills tested were representative of the 100,000 pills the defendant admitted to trading.  The district court's extrapolation of the total weight from the sample size is not clearly erroneous and we cannot say that the court erred in using this estimate to determine Nersesian's base offense level.

## IV.

Nersesian also claims that only the weight of the pure Ecstacy should be used to calculate the total drug weight, rather than including the weight of the pills' carrier material. We disagree.  In United States v. Landers, 39 F.3d 643 (6th Cir. 1994), we approved including the weight of the non-drug carrier component in calculating the weight of dilaudid pills.  Id. at 647.  We see no reason why Ecstacy pills should be weighed differently.  See, e.g., United States v. Roche, 415 F.3d 614, 619 (7th Cir.), cert. denied, 126 S. Ct. 671 (2005).  The district court did not err by using the total weight of the pills, rather than just the weight of the pure Ecstacy drug.

## V.

While the district court's calculations of the base offense level are not clearly erroneous, the final question under <u>Booker</u> is whether the sentence is reasonable. We think Nersesian's sentence is not unreasonable based on his total conduct, including the huge number of pills (100,000) he admitted possessing. Since the district court closely followed the Guidelines' factors and ranges and also considered the sentencing factors listed in 18 U.S.C. § 3553(a), Nersesian's sentence is not unreasonable under <u>Booker</u>.

The district court's sentence is **AFFIRMED**.